UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| WILLARD E. SMITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KATHLEEN J. SMITH,<br><br>　　　　　Defendant. | 3:22-CV-03011-RAL<br><br><br>OPINION AND ORDER GRANTING LEAVE TO FILE A LATE OPPOSITION TO RULE 12(B)(6) MOTION |

  Willard E. Smith (Plaintiff) filed a motion to extend his deadline to file a response to a motion to dismiss filed by Kathleen J. Smith (Defendant). Doc. 8. Plaintiff claims the deadline was missed due to the excusable neglect of Plaintiff's attorney and requests leave to file a late opposition to Defendant's motion under Federal Rule of Civil Procedure 6(b)(1)(B). For the reasons set forth below, this Court grants Plaintiff's motion to file a late opposition to Defendant's 12(b)(6) motion.

**I. Facts**

  In May 2022, Plaintiff filed suit against Defendant in the Sixth Judicial Circuit Court in South Dakota. Doc. 1-1 at 2. Defendant then removed the case to the United States District Court for the District of South Dakota based on diversity of citizenship jurisdiction on June 14, 2022, Doc. 1 at 1-2, and filed a 12(b)(6) motion to dismiss the same day, Doc. 4; see also FED. R. CIV. P. 12(b)(6) (failure to state a claim). Plaintiff received proper notice of the removal and of the motion to dismiss. Doc. 1 at 3; Doc. 4 at 2; Doc. 15-1 at 1-2. Having not practiced in federal court

for several years and not having consulted the local civil rules of the District of South Dakota, Plaintiff's attorney "missed . . . the time guideline for filing the Opposition Motion to Dismiss, assuming thirty (30) days." Doc. 9 at 1. Defendant then filed a Notice of Non-Opposition for Motion to Dismiss on July 7, 2022, two days after Plaintiff's deadline to file a brief in opposition had passed. Doc. 6 at 1; see also D.S.D. Cir. LR 7.1(B) (requiring a response within twenty-one calendar days). On July 15, 2022, Plaintiff's attorney filed a notice of appearance, Doc. 7, and a brief in opposition to Defendant's motion to dismiss, Doc. 10. Defendant was served with the Plaintiff's brief in opposition via email on July 12, 2022. Doc. 15-3 at 1. The three-day filing delay was caused by Plaintiff having to set up an account to use the Court's electronic filing system. Doc. 9 at 2.

Despite Defendant's email on July 7, 2022, giving Plaintiff's attorney notice of the non-opposition, Doc. 15-2 at 1, Plaintiff's attorney did not see the notice until he received the same document in the U.S. Mail after he had filed his opposition, Doc. 9 at 2. Upon getting notice of the untimely filing, Plaintiff's attorney filed a motion for extension of time, Doc. 8, and an affidavit in support of his motion, Doc. 9. The documents at issue were not filed or communicated to Defendant until after one of the secretaries at Plaintiff's attorney's firm had returned to work. Doc. 7; Doc. 8; Doc. 9 at 1; Doc. 10.

Plaintiff alleges that his missing the deadline to file a response was due to excusable neglect. Doc. 8. Plaintiff's attorney states in his supporting affidavit that he is an attorney "in a small rural Law Firm, in a small town, in a sparsely populated county, with one partner." Doc. 9 at 1. During the time to reply, Plaintiff's attorney was without the support of his firm's partner and their two secretaries. Id. Specifically, the absences in the firm "left [Plaintiff's attorney], the old man in a firm, 76 years old, to struggle." Id. Based on these facts, Plaintiff moved "for an

extension of time, after the time has expired," to file his brief in opposition to the Defendant's motion to dismiss. Doc. 8 at 1. Defendant then filed a memorandum, Doc. 13, and an affidavit, Doc. 15, in opposition to Plaintiff's motion.

**II. Discussion**

The District of South Dakota's local civil rules require that "[o]n or before 21 calendar days after service of a motion and brief, unless otherwise specifically ordered by the court, all opposing parties must serve and file a responsive brief containing opposing legal arguments and authorities in support thereof." D.S.D. Civ. LR 7.1(B). Under this rule, the deadline to file a response in opposition to Defendant's motion to dismiss was July 5, 2022. Id.; Doc. 6 at 1. Though the deadline was missed, Federal Rule of Civil Procedure 6 allows a court, "for good cause, [to] extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "Whether a party's neglect of a deadline is excusable 'is at bottom an equitable' inquiry." Spirit Lake Tribe v. Jaeger, 5 F.4th 849, 854 (8th Cir. 2021) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)); see also Janis v. United States, No. 5:20-CV-5047, 2022 WL 1555015, at *3 (D.S.D. May 17, 2022) (stating that this question is "ultimately analyzed under principles of equity."). Thus, where appropriate, the court can choose to accept "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co., 507 U.S. at 388. But see Kaubisch v. Weber, 408 F.3d 540, 543 (8th Cir. 2005) ("[M]isapplication or misreading of the plain language of [the rule] does not establish excusable neglect."); Brenden v. Walter, No. 07-4007, 2008 WL 410113, at *6 (D.S.D. Feb. 12, 2008) (same).

In making its determination, this Court must consider:

(1) the possibility of prejudice to [the non-moving party]; (2) the length of the [moving party's] delay and the possible impact of that delay on judicial proceedings; (3) [the moving party's] reason for delay, including whether the delay was within their reasonable control; and (4) whether [the moving party] acted in good faith.

Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010) (cleaned up and citations omitted). While these four factors are the most important, the court should weigh all relevant circumstances when making its decision. Id. (citing Pioneer Inv. Servs. Co., 507 U.S. at 395); see also Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1048 (8th Cir. 2010) (stating that the court should consider all relevant circumstance); Kaubisch, 408 F.3d at 543 (same).

The first two factors weigh in favor of allowing the late response. Plaintiff filed his brief in opposition to the motion to dismiss only ten days past the initial deadline. Doc. 10; D.S.D. Civ. LR 7.1(B). Thus, any prejudice to Defendant is minimal, especially as the brief in opposition has already been filed by Plaintiff, Doc. 10, and responded to by Defendant, Doc. 14. For similar reasons, the progression of this matter is not substantially impacted by the delay. As such, the first and second factors weigh in favor of granting Plaintiff's motion.

The third factor does not weigh in favor of allowing the late response. As discussed below, the record reflects that Plaintiff's attorney is not adept with technology and relies on younger members of his firm to help him with that aspect of practice. Nevertheless, technology is essential for a modern legal practice. Even for those who only have a basic understanding of technology, the governing rules are widely available and easily accessible. The local rules are available on the United States District Court for the District of South Dakota's public website at https://www.sdd.uscourts.gov/LocalRulesCivil, and the Federal Rules of Civil Procedure, including the advisory committee notes, are available for free at https://www.law.cornell.edu/rules/frcp. The late filing of the response was within Plaintiff's

4

counsel's control, notwithstanding his inexperience with federal civil litigation, as the local rule is clear on its face and easily located.

The same facts that weigh against Plaintiff in analyzing the third factor do become an equitable consideration favoring grant of Plaintiff's motion. After all, Plaintiff's attorney has not practiced in federal court in several years, to the point where an account needed to be created for his firm to file with the court. Doc. 9 at 1-2. He was further challenged by staffing shortages caused by family illness, National Guard training, and employee travel, Doc. 9 at 1; such circumstances weigh in favor of granting Plaintiff's motion.

The parties debate how the fourth factor might apply. However, there is no evidence to show that Plaintiff's attorney was acting in bad faith. As mentioned above, Plaintiff's attorney is unfamiliar with technology. In fact, the only electronic communication received from Plaintiff's firm was an email from one of the firm's two secretaries, Doc. 15-3 at 1, and all electronic filings in this case occurred after one of the secretaries had returned to the office and appear to have first been printed and then scanned in, Doc. 9 at 1; see also Doc. 7; Doc. 8; Doc. 9; Doc. 10 (appearing to have been printed out, scanned, and then electronically filed). Plaintiff's attorney, though mistaken about the time he had to respond and hampered by his limited familiarity with technology, took actions to meet the deadline he believed was in place based on his experience in state court. Doc. 9 at 1. Thus, the fourth factor weighs in favor of Plaintiff.

Three of the four Chorosevic v. MetLife Choices factors, as well as other relevant equitable considerations, weigh in favor of Plaintiff's motion to extend. As such, this Court finds that Plaintiff's failure to meet the deadline to file a brief in opposition to Defendant's motion to dismiss was because of excusable neglect, and good cause exists to extend the filing deadline under Federal Rule of Civil Procedure 6(b)(1).

### III. Conclusion and Order

For the reasons explained above, it is hereby

ORDERED that Plaintiff's Motion for Extension of Time granting the late filing of the Plaintiff's Opposition to Motion to Dismiss, Doc. 8, is granted.

DATED this 25th day of August, 2022.

                                      BY THE COURT:

                                      _____
                                      ROBERTO A. LANGE
                                      CHIEF JUDGE