UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| WILLARD E. SMITH<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN J. SMITH,<br><br>Defendant. | 3:22-CV-03011-RAL<br><br>OPINION AND ORDER DENYING<br>MOTION TO DISMISS |

Plaintiff Willard E. Smith sued his sister Defendant Kathleen J. Smith in state court for breach of implied trust, claiming that land in Lyman and Stanley counties South Dakota was purchased in Defendant's name as Plaintiff's trustee or agent with Plaintiff's funds. Doc. 1-1. Defendant removed the case to this Court because there is complete diversity of citizenship and more than $75,000, exclusive of interest and costs, at issue. 28 U.S.C. § 1332; Doc. 1. Defendant then moved to dismiss, arguing that Plaintiff failed to state a claim upon which relief can be granted based on the running of the applicable limitations period. Doc. 4. Because this Court must accept as true the well-pleaded facts of the complaint and the cause of action, at least arguably, did not accrue until around the time Defendant was ostensibly terminated from her position as trustee of an implied trust, this Court denies the Defendant's motion to dismiss.

I.     Facts Alleged in Complaint[1]

In 1972, Plaintiff and his brother purchased land in Stanley County, South Dakota, on a Contract for Deed. Doc. 1-1 at 2; Doc. 5 at 3. In 1995, Plaintiff "invested his own funds" and worked with a lienholder to avoid foreclosure and purchased the property, making Defendant the purchaser on the contract. Doc. 1-1 at 3, 8; see also Doc. 5 at 3 (stating that Defendant purchased the land to avoid foreclosure). Meanwhile, the family farmland located in Lyman County, South Dakota, was foreclosed on in 1995, and the Plaintiff allegedly worked with the foreclosing party and provided consideration to purchase the land in 1997, listing Defendant as the purchaser on the contract.[2] Doc. 1-1 at 3–4, 19; see also Doc. 5 at 2–3 (stating that the land was purchased in 1997). Over the next few years, Plaintiff farmed both the Stanley County and Lyman County ground and purchased equipment to do so, which he also put in Defendant's name. Doc. 1-1 at 4, 36; Doc. 5 at 3. Defendant, according to Plaintiff's complaint, merely owned the real property and machinery "as Trustee" or as Plaintiff's agent. Doc. 1-1 at 4, 6.

During that time, Plaintiff allegedly made all payments on the equipment, installment payments on the land, and paid for all farming related expenses. Id. In 2005, Plaintiff stopped farming and directed Defendant to sell the Stanley County property and all machinery and equipment and to lease the Lyman County land. Doc. 1-1 at 4; Doc. 5 at 3. Except for $45,000, which was paid to Plaintiff, the proceeds of the Stanley County sale and most of the proceeds from the Lyman County lease were applied to the balance owed under the two Contract for Deeds. Doc. 1-1 at 4; Doc. 5 at 3. Defendant received compensation for her duties, whether as the Trustee,

---

[1] This Opinion and Order makes no findings of fact, but takes as true, at this point, the well-pleaded facts in the Complaint.

[2] No doubt there is much more to this story, but on a motion to dismiss for failure to state a claim, this Court accepts Plaintiff's version of the facts.

Doc. 1-1 at 4, or as the Plaintiff's agent, id. at 6, from the remaining proceeds of the Lyman County lease, id. Plaintiff requested accountings relating to the management of the Lyman County property and Defendant did not provide them. Id. at 4, 6. Plaintiff, as a result, sent a letter on January 21, 2022, purporting to terminate Defendant from her position as trustee. Id.

Based on the lack of accounting, Plaintiff filed this suit in May 2022 in the Sixth Judicial Circuit Court of South Dakota requesting that an accounting be made and the Lyman County land be transferred to him. Id. at 2, 7. Defendant then removed the case to the United States District Court for the District of South Dakota, Doc. 1, and filed a Motion to Dismiss, Doc. 4, and a supporting brief, Doc. 5, arguing that Plaintiff's suit was time barred under the applicable statute of limitations. Plaintiff opposed Defendant's motion, Doc. 10. Defendant replied. Doc. 14. For the reasons stated below, Defendant's motion to dismiss is denied.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) addresses dismissal for failure to state a claim. On a Rule 12(b)(6) motion, courts must accept a plaintiff's factual allegations as true and make all inferences in the plaintiff's favor but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018) (citations omitted). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. at 678, "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (alteration in original) (citation and internal marks omitted).

## III.  Analysis

Under South Dakota law, which governs here, an implied trust is presumed when "a transfer of real property is made to one person and the consideration therefor is paid by or for another." SDCL § 55-1-10. An implied trust can arise in several scenarios, including those described by statute, SDCL §§ 55-1-7 to -10, or when an agent purchases real estate for his principal, but takes title in her own name, even if the agent used their own funds to pay the purchase price, Morris v. Reigel, 101 N.W. 1086, 1087 (S.D. 1904); see also Bailey v. Colombe, 188 N.W. 203, 205 (S.D. 1922) ("Where an agent employed to purchase for his principal purchases for himself . . . the agent will be held to have taken the property as trustee for the principal. Such a trust comes within the exception provided for in the statute of frauds . . . as it arises out of the construction and operation of law, and may be established by parol.").

Plaintiff claims that he put forward all the consideration to purchase and farm both the Lyman County and Stanley County land while listing Defendant as the owner. Doc. 1-1 at 4. Additionally, Plaintiff alleges that he and Defendant orally agreed she would purchase the land for

4

him as his agent using his funds. Doc. 1-1 at 6. Taking this as true, a presumption of an implied trust likely arises under either SDCL section 55-1-10 or <u>Morris v. Reigel</u>. <u>See</u> <u>Rehfeld v. Flemmer</u>, 269 N.W.2d 804, 807 (S.D. 1978) (stating that the trustee's agreement to act as a trustee for a constructive trust can "be inferred from the grantee's silence or from acts of acquiescence at the time of the imposition of the condition and the conveyance."). The following questions are at issue: When did Plaintiff's cause of action accrue? And has the statute of limitations run since then? This Court cannot answer either question with certainty on a motion to dismiss.

An action for a constructive or implied trust under South Dakota law is subject to a six-year statute of limitations. <u>City of Centerville v. Turner Cnty.</u>, 126 N.W. 605, 606–07 (S.D. 1910); <u>see also</u> <u>Hoffman v. Johnson</u>, 374 N.W.2d 117, 121 (S.D. 1985) (stating that where plaintiffs seeks "to impress a trust" the applicable limitations period is six years); <u>Johnson v. Graff</u>, 23 N.W.2d 166, 167–68 (S.D. 1946) (applying a six-year statute of limitations to an implied trust). <u>But see</u> <u>Spencer v. Estate of Spencer</u>, 759 N.W.2d 539, 543 n.2 (S.D. 2008) (noting that all plaintiff's causes of action, which included implied trust, had a statute of limitations no longer than twenty years citing to SDCL §§ 15-3-2, 21-51-1, 43-28-22, and 15-3-15 as the applicable statutes, but not mentioning SDCL § 15-2-13).

As it relates to implied trusts, "the statute of limitations begins to run from the time the act was done by which the party became charged as constructive trustee." <u>Meyer v. Kneip</u>, 457 N.W.2d 463, 467 (S.D. 1990). "A cause of action accrues when the right to sue arises." <u>Spencer</u>, 759 N.W.2d at 544. In other words, "a claim accrues . . . when a person has some notice of his cause of action, an awareness either that he has suffered an injury or that another person has committed a legal wrong which ultimately may result in harm to him." <u>Id.</u> (cleaned up and citations omitted); <u>see also</u> <u>Wissink v. Van De Stroet</u>, 598 N.W.2d 213, 216 (S.D. 1999) (stating

5

that a claim accrues when plaintiff has notice of the cause of action); <u>Haberer v. First Bank of S.D.</u>, 419 N.W.2d 62, 68 (S.D. 1988) (same); <u>see also</u> <u>Rosebud Sioux Tribe v. Strain</u>, 432 N.W.2d 259, 264 (S.D. 1988) ("if a trust relationship exists between the parties, which imposes a duty to disclose, mere silence, by one under that duty, constitutes fraudulent concealment and thus tolls the applicable statute of limitations.").

From Plaintiff's allegations, Defendant acted as a faithful trustee until perhaps as late as January 2022. Defendant argues that the latest the cause of action could have accrued is 2005 because Plaintiff failed to object when Defendant sold the Stanley County land and began leasing the Lyman County land. Doc. 5 at 6; Doc. 14 at 3. However, Plaintiff claims that he directed Defendant to do this and even helped Defendant with these arrangements. Doc. 1-1 at 4, 6. Thus, far from being on notice of the need to assert his rights, Defendant's sale and lease of the land, at least arguably, showed Plaintiff that Defendant was still acting faithfully as his trustee and agent. Instead, again assuming Plaintiff's allegations to be true and taking inferences therefrom, Defendant's acquiescence to selling and leasing the properties at Plaintiff's direction suggested that she had agreed to act in a fiduciary capacity.

According to the Complaint, Plaintiff, at least arguably, was unaware of any breach before Defendant failed to provide accounting and wrongfully retained the proceeds of the property. Taking the facts from the well-pleaded allegations of the Complaint, this Court cannot conclude as a matter of law on a motion to dismiss that the six-year limitations period on a breach of implied trust claim has run. If discovery demonstrates that the cause of action accrued more than six years prior to the commencement of this suit, then this Court can revisit these issues on a motion for summary judgement.

IV.     **Conclusion**

For the reasons stated above, it is hereby

ORDERED that the Defendant's Motion to Dismiss, Doc. 4, is denied.


DATED this ___7ᵗʰ___ day of September, 2022.


                                        BY THE COURT:



                                        _____
                                        ROBERTO A. LANGE
                                        CHIEF JUDGE